UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COREY BURGESS, | ) |
| Petitioner, | ) |
| v. | ) No. 4:19CV2599 NCC |
| RICHARD JENNINGS, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on the multiple filings of petitioner Corey Burgess. On September 18, 2019, Burgess filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Because petitioner had neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*, the Court ordered him to do one or the other by October 23, 2019. ECF No. 3. When the Court had received no response from petitioner by November 7, 2019, this case was dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). ECF No. 4. However, the Court received a motion for leave to proceed *in forma pauperis* from petitioner later that same day, so the dismissal was eventually vacated. ECF Nos. 5-6. Without realizing the dismissal had been vacated, petitioner appealed the dismissal. ECF No. 7. Petitioner later sought dismissal of his appeal by both this Court and the Court of Appeals. The appeal was dismissed by the appellate court (ECF No. 14), therefore the pending motion to dismiss in this Court (ECF No. 13) will be denied as moot. Furthermore, based on the financial information submitted in support of petitioner's motion to proceed *in forma pauperis*, the motion will be granted and the filing fee will be waived. *See* 28 U.S.C. § 1915. Finally, for the reasons discussed below, the § 2241 petition will be summarily dismissed.

**Background**

On June 3, 2008, petitioner pled guilty to one count of felon in possession of a firearm in this Court. *See USA v. Burgess*, No. 4:08-CR-85-HEA-1 (E.D. Mo. Feb. 7, 2008). On September 30, 2008, petitioner was sentenced to 77 months' imprisonment followed by a two-year term of supervised release. However, in March of 2015, petitioner was arrested based on a violation of his supervised release and on June 25, 2015, after a final hearing on the revocation of his supervised release, the Court found that petitioner had violated multiple conditions of his release and sentenced him to a term of 10 months' imprisonment followed by 12 months of supervised release.

In September 2016 (while on supervised release from his federal charge), petitioner was charged in Missouri state court with felony kidnapping, rape in the second degree, sodomy in the second degree, domestic assault in the second degree, and domestic assault in the third degree. *See State v. Burgess*, No. 1622-CR-03886-01 (22nd Jud. Cir. Sept. 8, 2016).[1] After a jury trial on four of the charges, petitioner was found guilty on October 3, 2018, of two counts of domestic assault in the third degree. On November 8, 2018, petitioner was sentenced to two concurrent terms of four years on the two counts, to be served consecutively with the sentence petitioner received in a probation revocation matter. *See State v. Burgess*, No. 1522-CR-00631-01 (22nd Jud. Cir.) (sentenced July 6, 2018, to ten years).

**§2241 Petition**

On September 18, 2019, petitioner filed his form 28 U.S.C. § 2241 petition in this matter. Petitioner is currently incarcerated in state custody, serving the Missouri state court sentences discussed above, at the Missouri Eastern Correctional Center ("MECC"). Petitioner states that he

---

[1]Petitioner's state criminal case was reviewed on Missouri Case.net, Missouri's online case management system.

filed his petition to challenge "detainer" on the grounds of violations of "due process" and the "right to [a] fair and speedy trial." ECF No. 1 at 2, 7. However, his § 2241 petition – including the hand-written, sixty-three-page document in support – is difficult to discern and follow. Petitioner discusses at length issues not relevant to his petition claim for relief, including the "defective indictment and tainted trial" in his state court criminal conviction, not being read Miranda rights when arrested, an alleged conspiracy between ERDCC and the U.S. Marshals to deny petitioner access to the courts, and no access to an adequate law library. ECF No. 1 at 10 & 1-1 at 2, 10-11, 14.

As best as the Court can decipher, petitioner's case is based on a Detainer letter he received from the U.S. Marshals in December 2018, while incarcerated at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). The Detainer stated that an arrest warrant had been issued against petitioner for violation of the conditions of his probation and/or supervised release on his federal charge. *See* ECF No. 1-2. at 3. The Detainer further stated:

> The notice and speedy trial requirements of the Interstate Agreement on Detainers Act do NOT apply to this Detainer, which is based on a **Federal probation/supervised release violation warrant.**

*Id.* (emphasis in original). After receiving the Detainer letter, petitioner notified the Records officers at ERDCC in writing that they and the U.S. Marshals were "relaying misinformation, misinterpreting the law, abusing their discretion, and [are] forcing Petitioner to wait until he completes one sentence and then start another one, in violation of the [Interstate Agreement on Detainers Act ("IAD")], right to due process, right to be free from unreasonable search/seizure, right to a fair and speedy trial, right to be free from cruel/excessive/unusual punishments, and right to equal protection under the Missouri and U.S. Constitutions." ECF No. 1-1 at 10.

3

After receiving no response from the ERDCC Records department, on January 8, 2019, petitioner filed a motion for disposition under the IAD in his criminal case in this Court. *See Burgess*, No. 4:08-CR-85-HEA-1, ECF No. 72. Petitioner states that he received no response to his motion; however, Court records indicate that the motion was denied on July 25, 2019, and that the Clerk of Court sent petitioner a copy of the denial order. *Id.* at ECF No. 73.

On March 15, 2019, petitioner filed an Informal Resolution Request ("IRR") at ERDCC complaining about the Records Office telling him "that he could not file for a disposition of detainer lodged against him" and arguing that they "negligently misinformed Petitioner about the law on detainers." ECF No. 1-1 at 11-12. On April 9, 2019, petitioner was transferred to Missouri Eastern Correctional Center ("MECC"). Because he never received a response to his first grievance, petitioner states that he filed a second IRR at MECC on the same issue. Both IRRs were denied. The MECC Records officer informed petitioner that a "request for 180 Day Writs (speedy trial) are for *untried* offenses. Your warrant by the U.S. Marshal's Service, Cause #4:08CR00085-1 HEA is for a Probation Violation: FIP Firearm and thus is not an *untried* offense." ECF No. 1-2 at 5 (emphasis in original). Petitioner's appeals of the IRR denials were unsuccessful.

Petitioner argues that his two requests, at two different institutions, for a disposition on his detainer were denied "due to possible personal bias and prejudice" with "[n]o adequate explanation" for the denial. ECF No. 1-1 at 22. Petitioner asserts that it is cruel and unusual punishment to force him "to complete his state sentence, first, before disposing of his federal case," in direct violation of the IAD and Double Jeopardy clauses of the Missouri and U.S. Constitutions. *Id.* at 22-23.

Petitioner then includes a "Summary/Conclusion" section in his complaint, that is over twenty pages long. ECF No. 1-1 at 23-46. In this summary, petitioner argues that federal habeas jurisdiction under 28 U.S.C. § 2241 exists in this case because "MDOC's neglect or refusal to file disposition on detainer" warrants "special circumstances." *Id.* at 23-28. Petitioner argues that the State of Missouri should surrender him, or the federal government should extradite him from the State of Missouri. Petitioner also argues that he is in "custody" for purposes of federal habeas jurisdiction. *Id.* at 31-35. Finally, petitioner argues that the IAD should apply to detainers lodged based on violations of probation and/or supervised release. *Id.* at 41.

Petitioner concludes with a sixteen page "Supporting Facts" section that makes legal arguments regarding his state court conviction. ECF No. 1-1 at 47-63. Petitioner argues that the method used by police in detaining, questioning, and arresting him on the state court charges for which he is currently serving time, were unconstitutional. *Id.* at 47-51, 57-60. Petitioner asserts that his state court trial was unfair and his conviction was unsupported by the evidence. *Id.* at 52-57, 60.

For relief, petitioner seeks discharge "from his unconstitutional confinement and restraint" and a "full and fair opportunity to litigate" his claims regarding the "State's defective indictment and tainted trial." ECF No. 1 at 9-10. Petitioner also seeks dismissal of the detainer. *Id.* at 10.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241 as well. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). For the reasons

discussed below, it plainly appears that petitioner is not entitled to relief on his § 2241 petition; therefore, it will be summarily dismissed.

First, it is not clear if this habeas petition is properly brought under 28 U.S.C. § 2241. Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.1979). Petitioner has already been convicted and sentenced on the state court charges of domestic assault, for which he is currently serving time. *State v. Burgess*, No. 1622-CR-03886-01. To the extent that petitioner argues that his conviction in that matter was unconstitutional, such challenges are more properly brought under 28 U.S.C. § 2254. Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and should be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Also, when a prisoner seeks to expunge or vacate his conviction, the action is most likely one that should be brought pursuant to § 2254. However, petitioner should be aware that in order to bring his habeas action pursuant to § 2254 before this Court, he must have exhausted his state court remedies prior to doing so. *See Frederickson v. Wood*, 87 F.3d 244, 245 (8th Cir. 1996). In this case, it is clear from the Missouri Case.net records that petitioner has not exhausted his state court remedies because the appeal of his criminal conviction is currently pending in state court. *See State v. Burgess*, No. ED107333 (E.D. Mo. Ct. App. Nov. 16, 2018).

It appears that petitioner filed this action under 28 U.S.C. §2241 because a habeas petition under 28 U.S.C. § 2254 would be subject to dismissal for failure to exhaust state remedies. Petitioner seems to be alleging that his claim is valid under § 2241 because there has not been a hearing or judgment on a possible supervised release revocation in his federal criminal matter before this Court. Therefore, in a sense, he is in the "pretrial" phase of his federal case. Regardless,

this case is clearly subject to dismissal because it plainly appears that petitioner is not entitled to relief on his § 2241 petition. As such, the Court will reach the merits of petitioner's argument.

Petitioner brings his claim under the Interstate Agreement on Detainers ("IAD"). Article III of the IAD "gives a prisoner incarcerated in one State the right to demand the speedy disposition of 'any untried indictment, information or complaint' that is the basis of a detainer lodged against him by another State." *Carchman v. Nash*, 473 U.S. 716, 718-19 (1985). Petitioner also cites both the Missouri Speedy Trial Act and the Uniform Detainer Law in his petition. The Missouri Speedy Trial Act, sometimes called the 180-day rule, was repealed effective June 7, 1984. Under the current Speedy Trial Act, a criminal defendant should be brought to trial "as soon as reasonably possible" after the defendant indicates he is ready for trial and requests a speedy trial. Mo. Rev. Stat. § 545.780.1.

On the other hand, the Uniform Detainer Law, Mo. Rev. Stat. § 217.460, permits incarcerated persons to demand a trial on a pending charge and require dismissal of the charge if the defendant is not brought to trial on the charge within 180 days after a proper demand for trial is filed. Section 217.460 requires notice pursuant to § 217.450.1, which provides: "The request shall be in writing addressed to the court in which the indictment, information or complaint is pending and to the prosecuting attorney charged with the duty of prosecuting it, and shall set forth the place of imprisonment." The request provided for in § 217.450.1 is to be delivered to the Director of the Division of Adult Institutions, who is to make specific certifications and send copies of the request and certificate to the court and the prosecuting attorney to whom it is addressed. *See* Mo. Rev. Stat. § 217.455.

Here, petitioner argues that he has fulfilled the demand requirements of the Uniform Detainer Law and that he has not received a trial, or dismissal of the charges, within 180 days.

7

However, as the records office and the warden attempted to explain to petitioner in his IRR denials, the Interstate Agreement on Detainers does not apply to detainers based on probation-violation charges. *Carchman*, 473 U.S. at 724-34. In 1985, after examining the language and legislative history of the IAD, the Supreme Court found that a probation-violation charge is not an "untried indictment, information or complaint" within Article III of the IAD. *Id.* at 725. Therefore, the Interstate Agreement on Detainers does not apply to detainers based on probation-violation charges, such as the detainer at issue here. Clearly, this § 2241 petition seeking relief under the IAD based on a probation-violation detainer, is not entitled to relief and should be summarily dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* [ECF No. 5] is **GRANTED**. The filing fee is waived in this matter.

**IT IS FURTHER ORDERED** that petitioner's motion for voluntary dismissal of his appeal [ECF No. 13] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1] is **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS FINALLY ORDERED** that the Court will not issue a certificate of appealability.

Dated this 22nd day of January, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE